U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 1 8 2007
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MATTHEW McBRIDE, INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO. 07-4040 |
| GODADDY.COM, Inc. and THE GO DADDY GROUP, Inc. | § | |
| Defendants. | § | NATIONAL CLASS ACTION |

---

**CLASS ACTION COMPLAINT**

---

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Matthew McBride, Individually and as Class Representative on behalf of all similarly situated persons, and submits the following Original Class Action Complaint against GoDaddy.com, Inc. and The Go Daddy Group, Inc. (hereinafter referred to as "Defendants"), and alleges as follows:

**I.**

**INTRODUCTION AND NATURE OF THE CASE**

1. This is a class action lawsuit brought on behalf of Plaintiff and all other similarly situated persons or entities that registered Internet domain names through Defendant GoDaddy.com, Inc. and paid a fee.

2. Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. wrongfully converted such domain names for their own use and benefit, without the consent of Plaintiff and the other members of the putative Class.

3. GoDaddy.com, Inc. is the world's largest domain name registrar and is the flagship company of The Go Daddy Group, Inc.

4 GoDaddy.com, Inc. is a wholly owned subsidiary of The Go Daddy Group, Inc.

5. Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. engaged in a common scheme or practice of sharing revenue obtained through Defendants' unlawful acts.

## II.

## PARTIES

6. Plaintiff Matthew McBride is an individual person, currently residing in the State of Texas.

7. Defendant GoDaddy.com, Inc. is a corporation organized and existing under the laws of the State of Arizona. Defendant has done and is doing business in the State of Arkansas. Service of process may be made by serving Defendant's Registered Agent for service of process, Barb Rechterman, at 14455 Hayden Road #219, Scottsdale, Arizona 85260.

8. Defendant The Go Daddy Group, Inc. is a corporation organized and existing under the laws of the State of Arizona. Defendant has done and is doing business in the State of Arkansas. Service may be made by serving Defendant's Registered Agent for service of process, Barb Rechterman, at 14455 Hayden Road #219, Scottsdale, Arizona 85260.

## III.

## JURISDICTION AND VENUE

9. This is a Class Action lawsuit seeking monetary damages and equitable relief pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff files this lawsuit for the purpose of certifying a nationwide class of Plaintiffs pursuant to Federal Rule of Civil Procedure 23.

10. The damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000.00.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (2005), the Class Action Fairness Act of 2005.

12. Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. §1391 because Plaintiff was a resident of Arkansas when he purchased domain names from Defendant GoDaddy.com.[1] Accordingly, a substantial part of the events or omissions giving rise to this claim occurred in Arkansas. Venue is also proper because Defendants are deemed to reside in the Western District of Arkansas as they are subject to personal jurisdiction in the Western District of Arkansas pursuant to 28 U.S.C. § 1391(a) and (c).

13. This Court has personal jurisdiction over Defendants by virtue of the extensive amount of business Defendants regularly conduct within the State of Arkansas and, further, because of the specific conduct at issue relating to Plaintiff and the putative Class. Defendants are amenable to service of process pursuant to the Arkansas long-arm statute, and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice nor does it violate federal due process. Defendants clearly solicit and do business in Arkansas (including the registration of Plaintiff's domain name and collection of the requisite fee) primarily through the Internet, but also through national television advertisements and other marketing efforts. Defendants engaged in business with Plaintiff at his business in Arkansas, which involved the knowing and repeated transmission of computer files over the Internet. Sufficient minimum contacts have been made between the non-resident Defendants and the forum state, Arkansas, so that the exercise of personal jurisdiction over Defendants is consistent with traditional notions of fair play and substantial justice. As such, Defendants are subject to personal jurisdiction in Arkansas.

[1] Plaintiff was a resident of Texarkana, Texas when he purchased www.suckmydirk.com. The remaining domain names where purchased while an Arkansas resident.

IV.

**SUBSTANTIVE ALLEGATIONS**

14. A domain name is a unique name that identifies an Internet (web) site. A domain name is a Web address, which is mapped to an IP address (which represents a physical point on the Internet).[2] A domain name must be registered.

15. Defendant GoDaddy.com, Inc. is one of the world's largest domain name registrars.[3]

16. Defendant GoDaddy.com, Inc. is an ICANN-accredited domain registrar and has more domain names under management than any other registrar. Reportedly, The Go Daddy Group, Inc. has more than 19.1 million domains under management.

17. On May 17, 2005, Plaintiff registered a domain name, www.insureark.com through Defendant GoDaddy.com, Inc. for a fee. Plaintiff is the actual registrant of the domain name, www.insureark.com, although Defendant GoDaddy.com, Inc. provided the registration service.

18. On September 22, 2005, Plaintiff registered a domain name, www.dicksonstreetblog.com through Defendant GoDaddy.com, Inc. for a fee. Plaintiff is the actual registrant of the domain name, www.dicksonstreetblog.com, although Defendant GoDaddy.com, Inc. provided the registration service.

19. On September 22, 2005, Plaintiff registered a domain name, www.dicksonstblog.com through Defendant GoDaddy.com, Inc. for a fee. Plaintiff is the actual registrant of the domain name, www.dicksonstblog.com, although Defendant GoDaddy.com, Inc. provided the registration service.

---

[2] According to Defendants, a domain name works like an address forwarding service. All of a website's content sits on a computer with a unique address. This is called an IP address. An IP address is made up of a series of numbers, such as 123.234.45. However, we use domain names instead of IP addresses because most people find it easier to remember a name like www.cnn.com rather than a series of numbers. A domain name directs visitors to a website using the IP address. When someone types a domain name into a Web browser, the requested Web page will open.

[3] Only certain companies accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN") can register domain names.

20. On June 4, 2006, Plaintiff registered a domain name, www.suckmydirk.com through Defendant GoDaddy.com, Inc. for a fee. Plaintiff is the actual registrant of the domain name, www.suckmydirk.com, although Defendant GoDaddy.com, Inc. provided the registration service.

21. Based on information and belief, prior to publishing websites at Plaintiff's domain names www.insureark.com, www.dicksonstreetblog.com, www.dicksonstblog.com, and www.suckmydirk.com, Defendants published their own websites at Plaintiff's domain names and derived revenue from said websites.

22. The websites published by Defendants at Plaintiff's domains include various online advertisements for Defendants and other companies' products and services. Interestingly, Defendants attempt to place advertisements for products or services that they believe are contextually relevant to the domain name itself in order to generate pay-per-click revenue.

23. Based on information and belief, these online advertisements are the result of a pay-per-click ("PPC") advertising campaign in which online advertisers agree to pay a certain price for each click-through on an online advertisement. For each click-through, an online advertiser pays a fee to a search engine company, such as Google or Yahoo!, in exchange for publishing the advertisement on the website. The search engine companies have revenue sharing agreements with their "ad- partners," such as GoDaddy.com, Inc.

24. As a result, Defendants are unlawfully generating and retaining revenue derived from these online advertisements each time an Internet user clicks an online advertisement appearing on Plaintiff's domain names, www.insureark.com, www.dicksonstreetblog.com, www.dicksonstblog.com, and www.suckmydirk.com.

25. Notably, Plaintiff did not authorize or consent to Defendants using its domain name for this revenue-generating activity. Defendants did not disclose to Plaintiff that they would use Plaintiff's property for their own benefit.

26. Defendants' use of Plaintiff's domain names www.insureark.com, www.dicksonstreetblog.com, www.dicksonstblog.com, and www.suckmydirk.com and the domain names of all other members of the putative Class amounts to trespass and conversion of their property.

27. Defendants are profiting and being unjustly enriched by trespassing on and/or converting Plaintiff's property for their own use without providing any consideration.

28. Defendants are generating massive amounts of revenue and reaping benefits through their unlawful use of the property of Plaintiff and all other members of the putative Class.

## V.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this cause of action individually and as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed Class:

> "Any and all persons or entities who paid a fee to GoDaddy.com, Inc. (or its affiliated entities) for the registration of a domain name and whose domain name was used by GoDaddy.com to display advertising and/or to generate advertising revenue, excluding any and all persons or entities in the United States who subscribed to Go Daddy's 'CashParking' offer."

30. Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition.

31. The following persons and/or entities are excluded from the Class:

a. Persons and/or entities who timely opt-out of this proceeding using the correct protocol for opting-out that will be formally established by this Court;

b. Plaintiff's Counsel and their immediate families;

c. Any and all federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions;

d. Defendants, their parents, subsidiaries and affiliates, and their legal representatives, successors and assigns;

e. Defendants' officers and directors and members of their immediate families; and

f. Any currently sitting federal court judge and/or justice and their spouses and any persons within the third degree of consanguinity to such judge and/or justice.

32. Numerosity: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are hundreds of thousands of members of the putative Class throughout the United States.

33. Commonality: There are questions of law and fact common to the members of the Class that predominate over any questions affecting any individual member's claims, including, *inter alia*, the following:

a. Whether Defendants converted the domain name of the Plaintiff and the members of the Class;

b. Whether Defendants trespassed on the property of Plaintiff and the members of the Class;

c. Whether Defendants' practices constitute violations of law for which Plaintiff and the members of the Class are entitled to recover restitution or monetary damages or for which disgorgement of ill-gotten monies is appropriate;

d. If Plaintiff and the members of the Class are entitled to restitution or monetary damages or disgorgement of ill-gotten monies, what is the proper measure of damages;

e. Whether Defendants have been unjustly enriched through the activities described herein;

f. Whether Defendants' conduct is deceptive and unfair;

g. Whether Defendants' conduct is unconscionable;

h. Whether Plaintiff and the members of the Class are entitled to equitable relief, including injunctive relief, requiring Defendants to cease and desist from trespassing on and/or converting the domain names of the Plaintiff and the members of the Class;

i. Whether Plaintiff and the other members of the Class are entitled to the imposition of a constructive trust; and

j. Whether Defendants are required to pay reasonable and necessary attorneys' fees and costs associated with prosecuting this lawsuit.

34. Typicality: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a common course of conduct by Defendants towards members of the Class. Plaintiff and the other members of the Class have all had their domain names converted and trespassed on by Defendants for Defendants' own use and benefit. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the members of the Class.

35. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other

members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

36. Plaintiff brings this action pursuant to Rule 23(b)(3) because common questions of law and fact (identified herein) predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issues in this action are whether Defendants have violated and are continuing to violate the law by trespassing on and converting the property of Plaintiff and the other members of the Class. In addition, the expense of litigating each Class Member's claim individually would be so cost prohibitive as to deny Class Members a viable remedy. Further, Plaintiff does not envision any unusual difficulties in the management of this action as a class action. Class Certification pursuant to Rule 23(b)(3) is appropriate because a class action is superior to all other available methods for the fair and efficient adjudication of this action because:

a. The joinder of possibly hundreds of thousands of geographically diverse individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. There is no special interest by Class Members in individually controlling prosecution of separate causes of action;

c. Class Members' individual claims now may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual Class Members addressing their loss;

d. When Defendants' liability has been adjudicated, claims of all Class Members can be determined by the court and administered efficiently in a manner which is far less erroneous, burdensome, and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

e. This Class Action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims to promote economies of time, resources, and limited pool of recovery;

f. This Class Action will assure uniformity of decisions among Class Members;

g. Without this Class Action, Class Members will go without restitution or money damages;

h. Without this Class Action, the restitution will not be ordered and Defendants will reap the benefits and/or profits of their unlawful trespass and conversion of the property of the Plaintiff and the Class Members; and

i. The resolution of this controversy through this Class Action presents fewer management difficulties than individual claims filed in which the parties may be subjected to varying adjudications of their rights.

37. Plaintiff also brings this action pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief or corresponding declaratory relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief or corresponding declaratory relief, Defendants will continue to unlawfully trespass on and/or convert the property of Plaintiff and the other members of the Class. Defendants' uniform conduct towards Plaintiff and the other members of the Class makes certification under Rule 23(b)(2) appropriate.

## VI.

## MISCELLANEOUS

38. Any conditions preceding the institution of this lawsuit have been performed, have occurred, and/or have been waived.

39. By filing this lawsuit, Plaintiff and the members of the Class neither intend to, nor in fact do, waive or release any right, claim, action, cause of action, defense and/or election of remedy that they may now or ever have.

## VII.

## NO CONTRACT APPLIES

40. This action does not relate to or arise out of any contractual agreement between Plaintiff and the Defendants. As such, there are no contractual agreements that would govern or control this action.

## VIII.

## CAUSES OF ACTION

### A. Conversion

41. Plaintiff and the members of the Class hereby incorporate by reference the allegations contained in the Original Class Action Complaint as if set forth herein verbatim.

42. Plaintiff acquired the exclusive right to possess and/or use the domain names when he registered such domain name through GoDaddy.com, Inc. and paid the requisite fee. The other members of the Class likewise registered domain names and paid the requisite fees.

43. Plaintiff and the other members of the Class have the exclusive right to use the domain names which they have registered through the Defendants.

44. Defendants knowingly and wrongfully exercised dominion and control over Plaintiff's domain name and the domain names of the other members of the Class when Defendants

published their own website and advertisements and the advertisements of others on said domain names.

45. Defendants wrongfully appropriated the domain names for Defendants' own use and benefit.

46. This knowing and wrongful exercise of dominion over the domain names of Plaintiff and the other members of the Class is a denial of, is inconsistent with, is in violation of, and excludes the rights of Plaintiff and the other members of the Class.

47. This dominion is unauthorized by Plaintiff and the other members of the Class.

48. This dominion over Plaintiff's domain name by Defendants constitutes conversion.

49. Plaintiff and the other members of the Class have suffered damages as a result of Defendants' wrongful activities. Defendants have reaped benefits in the form of selling advertising space on Plaintiff's domain name to other companies and monetary rewards in the form of PPC revenue and free advertising. All of this was done through the unlawful appropriation of the domain names registered by Plaintiff and the other members of the Class.

50. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution, and/or disgorgement from Defendants. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit upon the putative Class, and will seek an award of such fees and expenses at the appropriate time.

**B. MONEY HAD & RECEIVED**

51. Plaintiff and the members of the Class hereby incorporate by reference the allegations contained in the Original Class Action Complaint as if set forth herein verbatim.

52. Plaintiff and the other members of the Class paid for the exclusive use of the domain names registered through Defendant GoDaddy.com, Inc. But for Plaintiff and the other members of the Class' registration of such domain names, Defendants would not have been able to publish their websites and advertisements (which provided the vehicle to reap the PPC revenue) on those domain names.

53. Defendants have knowingly and willingly received payment from Plaintiff and the other members of the Class for registration fees for the domain names.

54. Defendants were not entitled to use the domain names registered to Plaintiff and the other members of the Class for their own benefit.

55. Defendants have been unjustly enriched at the expense and detriment of Plaintiff and the other members of the Class by wrongfully receiving PPC revenue and free advertising space to which Defendants, in equity, good conscience and natural justice, are not entitled to.

56. Under these circumstances, it is inequitable for Defendants to retain these benefits at the expense of Plaintiff and the other members of the Class.

57. Plaintiff and the other members of the Class are entitled to recover from Defendants all monies wrongfully obtained by Defendants, in addition to interest thereon.

58. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the other members of the Class have suffered a detriment and are entitled to reimbursement, restitution, and/or disgorgement from Defendants of the benefits conferred upon them.

59. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution, and/or disgorgement from Defendants. Plaintiff's counsel are entitled to recover their

reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit upon the class, and will seek an award of such fees and expenses at the appropriate time.

### C. TRESPASS

60. Plaintiff and the other members of the Class hereby incorporate by reference the allegations contained in the Original Class Action Complaint as if set forth herein verbatim.

61. Plaintiff and the other members of the Class have a right to exclusively possess and use the domain names they registered through Defendant GoDaddy.com, Inc.

62. Defendants had no explicit or implicit consent to use, misappropriate, or publish websites on the domain names registered by Plaintiff and the other members of the Class.

63. Defendants unlawfully and without consent misappropriated the domain names registered by Plaintiff and the other members of the Class and used such domain names for advertising for Defendants and other companies, from which Defendants received a portion of the PPC revenue.

64. Plaintiff and the other members of the Class have suffered damages as a result of Defendants' wrongful activities. Defendants have reaped benefits in the form of selling advertising space on Plaintiff's domain name to other companies and monetary rewards in the form of PPC revenue and free advertising. All of this was done through the unlawful use of the domain names registered by Plaintiff and the other members of the Class without any consideration.

65. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution, and/or disgorgement from Defendants. Plaintiff's counsel are entitled to recover their

reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit upon the class, and will seek an award of such fees and expenses at the appropriate time.

## IX.

## INJUNCTIVE RELIEF

66. Plaintiff and the members of the Class hereby incorporate by reference the allegations contained in the Original Class Action Complaint as if set forth herein verbatim.

67. Plaintiff and the other members of the Class hereby seek injunctive relief to enjoin Defendants from converting and using domain names registered by Plaintiff and the other members of the Class for Defendants' own benefit.

68. Plaintiff and the other members of the Class hereby seek to enjoin Defendants from retaining any PPC revenue in the future from domain names registered by Plaintiff and the other members of the Class.

69. Plaintiff and the other members of the Class hereby seek to enjoin Defendants from posting any Go Daddy advertisements and/or logos on domain names without the express agreement and consent of the domain name registrant in the future.

## X.

## CONSTRUCTIVE TRUST

70. Plaintiff and the other members of the Class request this Court to impose a constructive trust on the funds, in whatever form, acquired by Defendants through their unlawful acts, thereby enjoining Defendants from disposing of or transferring any of the funds that Defendants have generated and/or will generate as a result of the allegations made the basis of this Complaint.

71. Defendants have acquired legal title to funds in such unlawful circumstances that they may not, in good conscience, retain the beneficial interest. Equity, therefore, converts Defendants into trustees.

72. Unjust enrichment would result from continued possession of the property by Defendants.

## XI.

## RELIEF REQUESTED

73. Plaintiff Matthew McBride, Individually and as Class Representative on behalf of all similarly situated persons and/or entities, respectfully requests that the Court grant the following relief and/or enter judgment against the Defendants for the following:

a. Certify this cause of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as well as any appropriate subclasses, and appoint Plaintiff as Class Representative and Plaintiff's counsel as Class counsel;

b. Award appropriate monetary damages to Plaintiff and the proposed Class in an amount equal to provide restitution, reimbursement and/or disgorgement of fees paid to Defendant by the Class and/or Defendants' profits for the amount Defendants unjustly gained from using, converting, and/or trespassing on Plaintiff and the other members of the Class' domain names;

c. Award the amount of revenue generated by Defendants through the use of domain names registered by the Class;

d. Award prejudgment interest to prevent Defendants from receiving unjust enrichment for their improper conduct;

e. Award reasonable and necessary attorneys' fees and costs to Class counsel;

f. Enjoin Defendants from publishing websites, generating and receiving PPC revenue, and/or advertising without agreement and/or compensation on the domain names in the future;

g. Impose a constructive trust on Defendants' ill-gotten assets; and

h. Award such other and further relief in law or in equity as the Court determines fair, reasonable, appropriate, proper and/or just.

Whether by restitution and/or money damages or any combination thereof, Plaintiff and the members of the Class seek a recovery from Defendants, including all interests and costs, including prejudgment interest, post-judgment interest, court costs, and attorneys' fees.

Respectfully submitted,

JOHN C. GOODSON
Arkansas Bar Number 90018
**KEIL & GOODSON**
611 Pecan Street
Texarkana, Arkansas 71854-5337
Telephone: 870.772.4113
Facsimile: 870.773.2967

and

JAMES M. PRATT, JR.
Arkansas Bar Number 74124
144 Washington N.W.
Camden, Arkansas 71701
Telephone: 870.836.7328
Facsimile: 870.837.2405

and

SHIRLEY JONES
Arkansas Bar Number 90083
**WILSON, ENGSTROM, CORUM & COULTER**
200 South Commerce, Suite 600
Little Rock, Arkansas 72202
Telephone: 501.375.6453
Facsimile: 501.375.5914

**ATTORNEYS FOR PLAINTIFF & CLASS**