Christine N. Jones, State Bar No. 018425
Kelly W. Lewis, State Bar No. 015479
THE GO DADDY GROUP, INC.
14455 N. Hayden Road, Suite 219
Scottsdale, Arizona 85260-6947
Telephone: 480-505-8832
Facsimile: 480-624-2578
Email: cjones@godaddy.com
Email: klewis@godaddy.com

Attorneys for Defendants
Go Daddy.com, Inc. and The Go Daddy Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BARRY CRABB AND MATTHEW MCBRIDE, individually and as class representatives of on behalf of all similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>GODADDY.COM, INC., AND THE GO DADDY GROUP, INC.,<br><br>Defendants. | Case No. CV10-940-PHX-NVW<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. ("Defendants") hereby file their answer with jury demand to Plaintiffs' First Amended Class Action Complaint as follows:

**JURY DEMAND.** Pursuant to Federal Rule of Civil Procedure 38, Defendants demand their right to a jury trial on all issues so triable.

**I.
INTRODUCTION AND NATURE OF CASE**

1. Responding to paragraph 1 of the Amended Complaint, Defendants admit that Plaintiffs purport to bring a class action lawsuit concerning internet domain names registered through GoDaddy.com, Inc.

2. Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

3. With respect to Paragraph 3 of the Amended Amended Complaint, Defendants admit that GoDaddy.com, Inc. is the world's largest domain name Registrar, and that it is a wholly owned subsidiary of The Go Daddy Group, Inc.

4. Defendants admit the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Amended Complaint.

## II.
## PARTIES

6. Defendants are without knowledge sufficient to admit or deny the allegations contained in paragraph 6 of the Amended Complaint and, therefore, deny same.

7. Defendants are without knowledge sufficient to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and, therefore, deny same.

8. Defendants admit that GoDaddy.com, Inc. is a corporation organized and existing under the laws of the State of Arizona. Defendants further admit that GoDaddy.com, Inc. has appeared in this action for the purposes of moving to set aside default, and moving to dismiss the action or for transfer of venue. Defendants otherwise deny the allegations of paragraph 8 of the Amended Complaint.

9. Defendants admit that The Go Daddy Group, Inc. is a corporation organized and existing under the laws of the State of Arizona. Defendants further admit that the Go Daddy Group, Inc. has appeared in this action for the purposes of moving to set aside default, and moving to dismiss the action or for transfer of venue. Defendants otherwise deny the allegations of paragraph 9 of the Amended Complaint.

## III.
## JURISDICTION AND VENUE

10. Responding to paragraph 10 of the Amended Complaint, Defendants deny that a class may be maintained in this action or that the Plaintiffs or putative class members are entitled to compensation or relief as alleged therein.

11. Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants are without knowledge sufficient to admit or deny the allegations contained in paragraph 12 of the Amended Complaint and, therefore deny same.

13. Defendants deny that venue is proper in the western District of Arkansas. Defendants are without knowledge sufficient to admit or deny the allegations that the Plaintiffs were physically located in Arkansas when they registered the domain names identified in paragraph 13 of the Amended Complaint and, therefore, deny the same. Any postings by ICANN on its website speak for themselves, and reflect statements and opinions of that entity only. Defendants deny the remaining allegations in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

## IV.
## SUBSTANTIVE ALLEGATIONS

15. Defendants admit that domain names are registered by registrants, that domain names are unique, that a domain name is an alphanumeric representation of an IP address, which is generally considered to be easier to remember than an IP address. Defendants further admit that each server that hosts a website has a distinct IP address, which consists of a series of numbers. Placing a domain name in an internet browser will cause the website associated with that domain name to resolve on a user's computer, provided the domain name is pointed to a particular website. Defendants deny the remaining allegations in paragraph 15.

1  16.  Defendants admit the allegations contained in paragraph 16 of the Amended Complaint.

2  17.  Defendants admit that GoDaddy.com, Inc. is an ICANN-accredited registrar and that it has more domain names under management than any other registrar. Defendants deny the remaining allegations in paragraph 17.

3  18.  Defendants admit that the domain name mall111.com was registered by an individual named Barry Crabb on or about July 24, 2004 through GoDaddy.com, Inc., for a fee, and GoDaddy.com, Inc. provided registration services with respect to that domain name. Barry Crabb was the registrant of that domain name until the domain name registration expired. Defendants deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.  Defendants admit that on or about May 17, 2005, the domain name insureark.com was registered by an individual named Matthew McBride through GoDaddy.com, Inc., for a fee, and GoDaddy.com, Inc. provided registration services with respect to that domain name. Matthew McBride was the registrant of that domain name until the domain name registration expired. Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.  Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21.  Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

22.  Defendants admit that on or about June 6, 2006, the domain name suckmydirk.com was registered by an individual named Matthew McBride through GoDaddy.com, Inc., for a fee, and GoDaddy.com, Inc. provided registration services with respect to that domain name. Matthew McBride was the registrant of that domain name until the domain name registration expired. Defendants deny the remaining allegations

contained in paragraph 19 of the Amended Complaint. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

25. With respect to the allegations in Paragraph 25, Defendants admit that GoDaddy.com, Inc. currently participates in a pay-per-click program with Google, Inc., and GoDaddy.com, Inc., currently receives advertizing revenues through its parked page program. Registrants can share in those revenues through GoDaddy.com, Inc.'s Cash Parking Program.

26. Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendants admit that plaintiffs had control of their domain names and, subject to limited exceptions (e.g. UDRP proceedings), could have pointed their domain names wherever they wanted. Some or all of plaintiffs' domain names identified in the Amended Complaint were subject to GoDaddy.com, Inc.'s parked page and/or other agreements.

28. Plaintiff's allegations in paragraph 28 state legal conclusions requiring no answer from the Defendants. To the extent that a response is required, Defendants deny the allegations in 28 of the Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendants admit that GoDaddy.com, Inc. receives revenues in connection with GoDaddy.com, Inc.'s parked page program. Defendants deny the remaining allegations in paragraph 30 of the Amended Complaint.

# V.
# CLASS ACTION ALLEGATIONS

31. Responding to paragraph 31 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

32. Responding to paragraph 32 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

33. Responding to paragraph 33 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

34. Responding to paragraph 34 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

35. Responding to paragraph 35 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

36. Responding to paragraph 36 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

37. Responding to paragraph 37 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

38. Responding to paragraph 38 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

39. Responding to paragraph 39 of the Amended Complaint, Defendants deny that a class action can be maintained in this action.

# VI.
# MISCELLANEOUS

40. Defendants are without sufficient knowledge regarding the allegations in paragraph 40 of the Amended Complaint and, therefore, deny the same.

41. Paragraph 41 states a legal conclusion to which no response is required. Whether Plaintiffs have waived claims or remedies by filing this lawsuit is a question of law that is not controlled by Plaintiffs' intent.

## VII.
## CONTRACT

42. Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Responding to paragraph 43 of the Amended Complaint, Defendants respond that written terms of any agreement speak for themselves, and to the extent paragraph 43 refers to implied terms it calls for a legal conclusion to which no response is necessary.

## VIII.
## CAUSES OF ACTION

A. **Unjust Enrichment**

44. Responding to paragraph 44 of the Amended Complaint, Defendants admit that Plaintiffs have incorporated by reference the allegations contained in the Amended Complaint.

45. Defendants admit that domain names do not "exist" until they are registered.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants do not know what the Plaintiffs "intended or expected" and, therefore, Defendants deny the same. Defendants state that plaintiffs had control of their domain names and, subject to limited exceptions, could have pointed their domain names wherever they wanted. Some or all of plaintiffs' domain names identified in the Amended Complaint were subject to GoDaddy.com, Inc.'s parked page and/or other agreements.

49. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

1   50. Defendants admit that GoDaddy.com, Inc. typically receives fees in connection with the registration of domain names to customers that register domain names through GoDaddy.com, Inc.

51. Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

**B.   Trespass**

58. Responding to paragraph 58 of the Amended Complaint, Defendants admit that Plaintiffs have incorporated by reference the allegations contained in the Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

1      62.    Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

### C.    Breach of Duty of Good Faith and Fair Dealing

66.    Responding to paragraph 66 of the Amended Complaint, Defendants admit that Plaintiffs have incorporated by reference the allegations contained in the Amended Complaint.

67.    Responding to paragraph 67 of the Amended Complaint, Defendants responds that written terms of any agreement speak for themselves, and to the extent paragraph 67 refers to implied terms it calls for a legal conclusion to which no response is necessary.

68.    Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.    With respect to the allegations in paragraph 71 of the Amended Complaint, Defendants deny that they took advantage of their position as a domain name registrar. Defendants further deny that they received any advertizing revenues in connection with suckmydirk.com, insureark.com, Dicksonstblog.com and Dicksonstreetblog.com while

1  Plaintiffs were the registrants of those domain names. Defendants admit that
2  advertisements do appear on certain web pages including parked pages.

3    72.    Defendants deny the allegations contained in paragraph 72 of the Amended
4  Complaint.

5    73.    Defendants deny the allegations contained in paragraph 73 of the Amended
6  Complaint.

7    74.    Defendants deny the allegations contained in paragraph 74 of the Amended
8  Complaint.

9    75.    Defendants deny the allegations contained in paragraph 75 of the Amended
10 Complaint.

## IX.
## INJUNCTIVE RELIEF

76. Responding to paragraph 76 of the Amended Complaint, Defendants admit that Plaintiffs have incorporated by reference the allegations contained in the Amended Complaint.

77. Defendants deny that Plaintiffs or any putative class members are entitled to the relief sought in paragraph 77 of the Amended Complaint or any other relief.

78. Defendants deny that Plaintiffs or any putative class members are entitled to the relief sought in paragraph 78 of the Amended Complaint or any other relief.

79. Defendants deny that Plaintiffs or any putative class members are entitled to the relief sought in paragraph 79 of the Amended Complaint or any other relief.

## X.
## CONSTRUCTIVE TRUST

80. Defendants admit that Plaintiffs requests a constructive trust. Defendants deny that Plaintiffs or any putative class members are entitled to any such constructive trust.

81. Defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

## XI.
## RELIEF REQUESTED

83. Defendants deny that Plaintiffs or any putative class members are entitled to the relief sought in Paragraph 83 of the Amended Complaint or any other relief .requested paragraph of the Amended Complaint or any other relief.

84. All allegations of the Amended Complaint not expressly admitted above are denied.

## **DEFENSES**

Defendants set forth the following affirmative and other defenses. By asserting these defenses, Defendants do not hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden.

85. Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

86. Plaintiffs have not sustained damages as alleged in the Amended Complaint.

87. Plaintiffs lacks standing to sue.

88. Defendants assert that the claims of class members, if any, are barred and/or limited by any and all terms, conditions and/or disclaimers made between the parties at the time of the original transactions.

89. Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate remedy at law.

90. Plaintiffs have not satisfied all prerequisites for equitable relief.

91. Plaintiffs is not entitled to equitable relief because it is duplicative of the relief Plaintiffs is seeking in other causes of action that have been plead.

92. Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitations and/or repose.

93. In the event that Plaintiffs have sustained damages, as alleged in the Amended Complaint, which Defendants deny, Plaintiffs' remedies are limited by any and all terms, conditions and/or disclaimers contained in any contract or agreement entered into at the time of the original transaction or transactions.

94. In the event that Plaintiffs have sustained damages as alleged in the Amended Complaint, which Defendants deny, discovery or investigation may reveal that Plaintiffs' claims may be barred or reduced by Plaintiffs' failure to mitigate the damages.

95. Plaintiffs' Amended Complaint fails to state a claim for which attorneys' fees may be recovered.

96. The claims for relief alleged in Plaintiffs' Amended Complaint may be barred, in whole or in part, by the doctrine of laches, waiver, unclean hands, estoppel, quasi-estoppel and/or ratification.

97. Plaintiffs' claims may be barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery and setoffs.

98. Defendants reserve the right to address choice of law issues applicable to this matter, which could give rise to additional defenses.

99. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserve the right to amend their answer to assert any such defense.

///
///
///

| | | |
|---|---|---|
| 1 | Dated: May 13, 2010 | Christine N. Jones |
| 2 | | Kelly W. Lewis |

By: /s/ Kelly W. Lewis
The Go Daddy Group. Inc.
14455 N. Hayden Road, Ste 219
Scottsdale, Arizona 85260
Tel: 480-624-2552

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2010, I electronically filed the attached document with the Clerk of the Court using the CM/ECF System which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| D. Matt Keil<br>Attorney at Law<br>PO Box 618<br>Texarkana, AR 75504-0618 | R. Dean Gresham, Jr<br>Gresham PC<br>7557 Rambler Rd, Ste 700<br>Dallas, TX 75231 |
| George L. McWilliams<br>Law Office of George L McWilliams PC<br>406 Walnut<br>Texarkana, AR 71854 | R. Martin Weber, Jr<br>Richard E. Norman<br>Crowley Norman LLP<br>3 Riverway, Ste 1775<br>Houston, TX 77056 |
| James M. Pratt, Jr.<br>James M Pratt Jr PA<br>PO Box 938<br>Camden, AR 71701 | Jeffrey John Angelovich<br>Nix Patterson & Roach LLP<br>205 Linda Dr<br>Daingerfield, TX 75638 |
| Joel M. Fineberg<br>Law Offices of Joel M Fineberg<br>3811 Turtle Creek Blvd, Ste 1900<br>Dallas, TX 75219 | Michael B. Angelovich<br>Nix Patterson & Roach LLP<br>3600 N Capital of Texas Hwy<br>Bldg B Ste 350<br>Austin, TX 78746 |
| John C. Goodson<br>Keil & Goodson<br>PO Box 618<br>Texarkana, AR 75504 | Shirley Jones<br>Wilson Engstrom Corum Coulter<br>PO Box 71<br>Little Rock, AR 72203 |

/s/ Kelly W. Lewis